UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA A.,[1]

                Plaintiff,

     v.                           **DECISION AND ORDER**
                                        20-CV-610

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

       Plaintiff Laura A. ("Plaintiff") brings this action seeking review of the

Commissioner of Social Security's final decision that denied her application for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and

Supplemental Security Income ("SSI") under Title XVI of the SSA. The Court has

jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The parties have

filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure. Dkt. 22, 26. Plaintiff did not file a reply.

       The Court assumes the parties' familiarity with the administrative record, the

parties' arguments, and the standard of review, to which the Court refers only as

necessary. *See Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998) (summarizing the

standard of review and the five-step sequential evaluation process that Administrative

Law Judges ["ALJs"] are required to use in making disability determinations); *Burgess v.*

---

[1] To protect the personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial, in accordance with this Court's Standing Order issued November 18, 2020.

*Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (same). Upon consideration of the record, and for the reasons set forth below, the Court grants Plaintiff's motion for remand and denies the Commissioner's motion. The case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on August 11, 2016, alleging disability beginning on March 10, 2016. Tr. 208-17.[2] Plaintiff identified the following conditions as limiting her ability to work: (1) multiple sclerosis, (2) gastroesophageal reflux disease ("GERD"), (3) hypothyroid, (4) anxiety, (5) panic disorder, and (6) fatigue. Tr. 228. Her applications were initially denied on December 20, 2016. Tr. 135-50. After timely filing a request for hearing, Tr. 151-52, Plaintiff appeared with her attorney and testified at a virtual hearing on September 17, 2018; a Vocational Expert ("VE") also testified. Tr. 58-108.

The ALJ issued an unfavorable decision on February 4, 2019, finding Plaintiff was not disabled within the meaning of the SSA. Tr. 42-57. On April 9, 2019, Plaintiff requested review by the Appeals Council. Tr. 205-207. On April 2, 2020, her request for review was denied by the Appeals Council. Tr. 1-7. The ALJ's decision thus became the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481.

## DISCUSSION

The Court reviews the record to determine only whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than

---

[2] "Tr. __" refers to pages of the administrative transcript.

a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff has raised two arguments regarding the Commissioner's final decision. Because this Court finds Plaintiff's first argument regarding her Residual Functional Capacity ("RFC") is meritorious and requires remand, this decision need not reach her second argument.

### The ALJ's RFC Finding as to Plaintiff's Sit/Stand Limitation

"It is well-settled that when making an RFC assessment, an ALJ must consider all the relevant evidence, including medical opinions and facts, claimant's physical and mental abilities, non-severe impairments, and subjective evidence of symptoms that could interfere with work activities on a regular and continuing basis." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-01027, 2020 U.S. Dist. LEXIS 151236, at *7 (W.D.N.Y. Aug. 20, 2020), citing *Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir. 1984) and 20 C.F.R. §§ 404.1545(a)-(e).

Here, after finding that Plaintiff's multiple sclerosis was a severe impairment but that her thyroid disorder, GERD, and anxiety disorder were non-severe impairments, the ALJ determined that Plaintiff's multiple sclerosis did not meet or medically equal the criteria of multiple sclerosis as a listed impairment. Tr. 47-8. The ALJ then found that Plaintiff had the RFC to perform sedentary work,[3] with the following limitations:

---

[3] Sedentary work is defined by agency regulations as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 416.967(a).

frequently can balance and stoop; occasionally can kneel, crouch, crawl, and climb ramps and stairs; cannot climb ladders, ropes or scaffolds; cannot work around unprotected heights or moving mechanical parts; cannot operate motorized equipment as part of a job; and must be able to sit for 5 minutes after standing for 25 minutes, or stand for 5 minutes after sitting for 25 minutes, but can continue working while in either position. Tr. 49.

Plaintiff's argument is that the ALJ's RFC finding pertaining to the sit/stand option is not supported by substantial evidence. Dkt. 22. Specifically, Plaintiff argues that the ALJ's highly specific RFC assessment as to this finding is based on the ALJ's own "surmise" rather than medical opinion. This Court agrees.

With respect to Plaintiff's physical impairments, the ALJ gave "great weight" to the opinion of consultative examiner Nikita Dave, M.D. Tr. 52 (referring to Tr. 292-96). The ALJ noted that Dr. Dave was familiar with "the Social Security Administration program [*sic*]." *Id*. He omitted from his decision that Dr. Dave did not review any medical reports pertaining to Plaintiff, and that she examined her only once, on December 2, 2016 – more than two years before the ALJ issued his decision. Tr. 52, 292-96.

Significantly, the Second Circuit has "frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019) (quotation omitted).

Additionally, Dr. Dave's written opinion stated that Plaintiff "*would benefit from more seated and sedentary postures* without significant amounts of pressure or stress to complete tasks as well [*sic*]." Tr. 295 (emphasis added). However, her report did not indicate relative to which baseline she believed Plaintiff would require "more" seated

and sedentary postures. At the time of Dr. Dave's December 2016 examination of Plaintiff, Plaintiff had not been employed for more than eight months, so it appears unlikely that Dr. Dave's comparative statement was referencing her prior work experience. Crucially, Dr. Dave did not offer an opinion as to how long Plaintiff could sit before needing to stand or stand before needing to sit. Tr. 292-96.

Next, the ALJ gave "limited weight" to the October 2016 Treating Source Statement of Plaintiff's primary care physician, Brijendra Gupta, M.D. Tr. 52 (referring to Tr. 289-91). Rather than explaining why he assigned her opinion limited weight, the ALJ simply stated:

> Dr. Gupta's assessment of the claimant's somewhat diminished exertional abilities along with the claimant's problems with balance is consistent with the medical evidence, but it does not support such a substantial decline in physical abilities that the claimant would be unable to perform work within the sedentary residual functional capacity.

Tr. 52.

Dr. Gupta personally treated Plaintiff for years, and her practice – Family Medicine in Lockport, New York – treated her as far back as 1994. Tr. 52, 289. The ALJ's decision did not assign weight to records from approximately 20 different medical appointments Plaintiff had with Dr. Gupta between March 2016 and November 2018, and incorrectly referred to Dr. Gupta as Plaintiff's neurologist.[4] Tr. 51-52.

The ALJ's decision did not address several of Dr. Gupta's opinions included in her October 2016 Treating Source Statement, including regarding Plaintiff's "progressive multiple sclerosis;" "progressive increase" in numbness and tingling in her

---

[4] It is unclear to this Court why these medical records are interspersed throughout the record. *See* Tr. 307-10, 332, 342, 357-8, 365-8, 374, 380, 386, 396-400, 402, 412-4, 416, 418, 424-6.

hands and feet; and difficulty with "higher functions," such as concentrating and focusing. Tr. 52, 289-90. Moreover, Dr. Gupta did not opine as to a specific sit/stand option for Plaintiff, repeatedly noting instead that Plaintiff was unable to work. *See, e.g.*, Tr. 290, 332, 366.

A treating physician's opinion is generally entitled to controlling weight when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Burgess*, 537 F.3d at 128 (quoting 20 C.F.R. § 404.1527(d)(2)).[5] A treating physician's opinion will not control in all instances; however, an ALJ must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Id.* at 129 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). Here, as noted above, the ALJ failed to weigh much of the record evidence from Dr. Gupta and did not elaborate on his reasoning.

Finally, although the ALJ's decision included references to evaluations of Plaintiff conducted by her treating neurologist, Malti Patel, M.D., the ALJ failed to note how much weight he assigned to the opinions contained therein. Tr. 50-52. Moreover, Dr. Patel did not opine as to how long Plaintiff could stand before needing to sit, and vice versa. Tr. 285-88, 311-30.

"The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). Here, rather than relying on medical opinions or

---

[5] The treating physician rule is applicable here as Plaintiff's claims were made prior to March 27, 2017.

other record evidence in formulating the sit/stand option in Plaintiff's RFC, the ALJ appears to have fashioned it out of whole cloth.

"Failure to provide medical opinion evidence in support of a highly specific RFC statement requires remand." *Balistrieri v. Saul*, No. 19-CV-00293, 2020 U.S. Dist. LEXIS 96775, at *15 (W.D.N.Y. Jun. 2, 2020); *accord Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" a determination that plaintiff would be off-task 10% of the time to a RFC finding that he needed a six minute break every hour, noting also that the VE's opinion was based on this unsupported RFC finding); *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-06032, 2019 U.S. Dist. LEXIS 58447, at *9 (W.D.N.Y. Apr. 4, 2019) (remanding where ALJ made unsupported, highly specific finding that plaintiff must be allowed to stand for one to two minutes after sitting for approximately 60 minutes and be allowed to sit for one to two minutes after standing for approximately 15 minutes); *McGlothin v. Berryhill*, No. 17-CV-00776, 2019 U.S. Dist. LEXIS 58660, at *3 (W.D.N.Y. Apr. 4, 2019) (remanding where there was no opinion evidence supporting ALJ's highly specific RFC that Plaintiff could alternate to sitting for ten minutes after twenty minutes of standing or walking).

In the instant case, the ALJ's decision notes that the record contains evidence that Plaintiff drove, cooked, shopped, and did laundry. Tr. 50. Implicit in the ALJ's decision but explicitly argued by the Commissioner is that the ALJ "*presum[ed]*" that such activities of daily living required "the ability to sit or stand for up to 25 minutes as a time." Dkt. 26-1, p. 12 (emphasis added) (citing Tr. 50-51, referring to Tr. 235-48).[6]

---

[6] Although the Commissioner argues that the ALJ's decision at Tr. 50-51 referred to Tr. 235-48, that is, Exhibit 3E: "Activities of Daily Living – Function Report, Pain & Anxiety Questionnaire, Work History Report, dated 12/05/2016, from Claimant," that document is not actually cited or otherwise referenced in the ALJ's decision. However, it does appear to support the ALJs

The ALJ's presumption cannot constitute substantial evidence, especially when other record evidence appears to belie the presumption. For example, at hearing, Plaintiff testified that she has "bad days" approximately two to three times per week, during which she cannot even perform simple household tasks such as doing laundry or washing dishes. Tr. 87-88.

Significantly, the ALJ also noted that Plaintiff cannot "stand or walk for prolonged periods" and "estimated that she could walk about a quarter of a mile before having to rest for 10 minutes." Tr. 50. Again, although the ALJ's contention lacks a reference to the record, it appears that these facts were gathered from Plaintiff's responses in Exhibit 3E. *See* Tr. 238 (Plaintiff no longer able to "walk for long periods of time … stand for long periods of time"), 242 ("I can't stand for long periods of time without my legs feeling weak and shaky"), 243 ("Q: How far can you walk before you have to stop and rest? A: maybe 1/8 to 1/4 of a mile. Q: How long do you rest before you can continue walking? A: 10-15 minutes.").

At hearing, the ALJ failed to clarify what length of time Plaintiff was referring to when she used the term "long periods of time." *See generally* Tr. 58-108. Furthermore, it appears that if the ALJ relied on anything in the record to support the sit/stand option he devised, it was Plaintiff's questionnaire response that she could walk for approximately 1/8 to 1/4 of a mile before requiring a 10-15 minute rest. Clearly, this does not translate into substantial evidence supporting the RFC sit/stand option imposed by the ALJ and relied on by the VE in determining which jobs Plaintiff could perform and whether they existed in significant numbers in the national economy.

---

statement that "claimant can perform household tasks such as laundry, prepare simple meals, drive, go outside alone, shop, and pay bills." Tr. 50.

In weighing evidence, the ALJ "cannot arrive at specific limitations that do not appear anywhere in that evidence." *Heckman*, 2019 U.S. Dist. LEXIS 58447, at *11. For all the foregoing reasons, the ALJ impermissibly based his RFC finding requiring that Plaintiff "sit for 5 minutes after standing for 25 minutes, or stand for 5 minutes after sitting for 25 minutes, but can continue working while in either position" on his own surmise, rather than medical opinion. Tr. 49. Thus, the decision is not based on substantial evidence.

### CONCLUSION

Is hereby ORDERED that pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth above, Plaintiff's motion for judgment on the pleadings (Dkt. 22) is GRANTED, the Commissioner's cross-motion for similar relief and motion in opposition (Dkt. 26) is DENIED, and the Commissioner's final decision is REMANDED for reevaluation of Plaintiff's RFC and, if necessary, to further develop the record. The Clerk of the Court shall take all steps necessary to close the case.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  February 15, 2022
          Buffalo, New York